# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 17, 2007 Decided January 8, 2008

No. 06-3051

UNITED STATES OF AMERICA,
APPELLEE

v.

RICARDO T. LACEY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00456-01)

*Dennis M. Hart*, appointed by the court, argued the cause and filed the brief for appellant.

*Suzanne G. Curt*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III* and *Elizabeth Trosman*, Assistant U.S. Attorneys.

Before: SENTELLE, ROGERS and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Appellant Ricardo Lacey was indicted for several offenses including distribution of cocaine base and theft. During the trial proceedings he moved the court for judgment of acquittal on the theft charge. The court denied the motion. He was subsequently convicted of, *inter alia*, the charges of theft and distribution of cocaine base, the latter for which he was sentenced to a mandatory minimum term. We affirm the conviction for theft but reverse the conviction for distribution of cocaine base and remand for sentencing on the lesser included offense of distribution of cocaine.

## Background

During a sting operation conducted by the Metropolitan Police Department an undercover officer made arrangements with appellant Ricardo Lacey to buy illicit drugs from him on four separate occasions. On one of these occasions Lacey sold to the officer what was later determined to be 60 grams of cocaine, allegedly cocaine base. On the last occasion the undercover officer arranged to meet Lacey to make another purchase of drugs for $11,500. At the appointed time Lacey and the officer met in the officer's unmarked vehicle. Upon entering the vehicle Lacey placed a plastic bag purporting to contain illicit drugs onto the back seat. The officer then handed $5,000 to Lacey, telling him that the rest of the money was in the trunk. When the officer exited the vehicle, ostensibly to retrieve the money from the trunk, Lacey exited with him. At that point Lacey was placed under arrest. The undercover officer later determined that the plastic bag Lacey placed on the back seat purporting to contain illicit drugs in fact contained only vinegar and trading cards.

Lacey was subsequently indicted on multiple counts. In particular for this appeal, Lacey was indicted for unlawful distribution of 50 grams or more of cocaine base in violation of

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Count Two), and for first degree theft in violation of D.C. Code §§ 22-3211 and 22-3212(a) (Count Ten) for wrongfully obtaining the $5,000.

A jury trial was held in district court. At the conclusion of the government's case Lacey moved for judgment of acquittal. Concerning Count Ten, theft, during discussions on the motion the subject of asportation as an element of theft was raised, with Lacey arguing to the court that this element was missing because the $5,000 was taken away from him as soon as he was arrested after exiting the undercover officer's vehicle. The court, however, after stating that asportation does not have a time requirement, concluded that asportation was established when Lacey exited the vehicle with the $5,000 still in his possession. The court denied the motion for judgment of acquittal as to Count Ten.

The jury subsequently found Lacey guilty on four counts, including Counts Two and Ten. At the sentencing hearing the probation officer told the court that a 120 month mandatory minimum sentence applied to Count Two, and the court consequently imposed that sentence. The court also imposed a concurrent term of eight years for theft of the $5,000, as well as concurrent sentences on other counts.

Lacey now appeals, challenging the district court's ruling on asportation and its imposition of a 120 month mandatory minimum sentence for Count Two.

**Analysis**

*Asportation*. The District of Columbia theft statute, D.C. Code § 22-3211, states in pertinent part:

(b) A person commits the offense of theft if that person

wrongfully obtains or uses the property of another with intent:

> (1) To deprive the other of a right to the property or a benefit of the property, or

> (2) To appropriate the property to his or her own use or to the use of a third person.

Asportation is "[t]he act of carrying away or removing (property or a person)." BLACK'S LAW DICTIONARY (8th ed. 2004). Lacey argues that asportation is an element of theft, although not expressly set forth in the statute. In support of this contention, Lacey puts forth various arguments: that the "definitional direction" of the statute contains that legal concept; that when considering an earlier version of the theft statute we wrote that asportation was an element of theft, citing *United States v. Barlow*, 470 F.2d 1245, 1250 (D.C. Cir. 1972); that in other jurisdictions asportation remains an element of theft, *see, e.g.*, *United States v. Thordarson*, 646 F.2d 1323, 1335 n.22 (9th Cir. 1981); and that the theft statute is analogous to the D.C. robbery statute, D.C. Code § 22-2801, which also does not expressly set forth an asportation element but which was meant to codify the common law which does have an asportation element, *see Neufield v. United States*, 118 F.2d 375, 390 (D.C. Cir. 1941). The government, in response to Lacey's asportation contention, argues that there is no support for his contention either on the face of the theft statute, in its legislative history, or in the case law. In particular the government notes that in *Moorer v. United States*, 868 A.2d 137, 143 n.11 (D.C. 2005), the D.C. Court of Appeals, citing D.C. Code § 22-3211, stated that "[t]heft does not have an asportation element."

While it is likely that the *Moorer* decision is dispositive of the issue, there was sufficient evidence of asportation by Lacey

even if asportation is an element of the D.C. theft statute. Asportation, as an element of other crimes, has been found by the D.C. Court of Appeals to be satisfied by minimal movement. *See, e.g., Newman v. United States*, 705 A.2d 246, 264 (D.C. 1997) (asportation element of robbery satisfied by "minimal movement of the property," i.e., defendants' directions to victims to throw their money to the floor); *Simmons v. United States*, 554 A.2d 1167, 1171 n.9 (D.C. 1989) (asportation element of taking property without right satisfied by "slightest moving of an object from its original location," i.e., defendant's removal of purse from victim's shoulder). Here, the undercover officer testified during the trial that while in the vehicle he handed Lacey $5,000, that he then exited the vehicle in order to get the rest of the money out of the trunk, and that Lacey exited the vehicle with him still holding onto the $5,000. We consequently agree with the government that even if Lacey is correct that asportation is an element of theft, a reasonable jury could have found on the evidence before it, taken in the light most favorable to the government, that this element was satisfied by Lacey's movement of the $5,000 when he exited the vehicle. *See United States v. Adewani*, 467 F.3d 1340, 1343 (D.C. Cir. 2006) (rational trier of fact could have found elements of crime after considering record evidence in light most favorable to the government).

*Sentencing*. Lacey contends that the district court's imposition of a 120 month mandatory minimum sentence for Count Two was in error. The government also makes this contention, asserting that the case should be remanded for resentencing. We agree. The 120 month mandatory minimum sentence was imposed on Lacey for distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii). In *United States v. Brisbane*, 367 F.3d 910, 914 (D.C. Cir. 2004), we held that "a conviction premised on 'cocaine base' under 21 U.S.C. § 841 cannot stand unless the

evidence establishes that the cocaine at issue was crack or that it was smokable." *United States v. Baugham*, 449 F.3d 167, 171 (D.C. Cir. 2006).[1] Here, during discussions on instructions to be submitted to the jury, the trial court in fact determined that no testimony had been presented indicating that the cocaine base at issue was smokable or that it was crack. Accordingly, Lacey's conviction for distributing cocaine base under § 841(b)(1)(A)(iii) cannot stand. By convicting Lacey of distributing cocaine base under § 841(b)(1)(A)(iii), "the jury necessarily concluded that the drugs were some form of cocaine." *Brisbane*, 367 F.3d at 915. Because distribution of cocaine is a lesser included offense of distribution of cocaine base under § 841(b)(1)(A)(iii), and because we "have the power to modify a criminal judgment to reduce the conviction to that of a lesser included offense," the district court is instructed "to enter a judgment of conviction for distributing 'cocaine' and to sentence accordingly." *Id*. at 914, 915 (citation and some internal quotation marks omitted).

## Conclusion

For the foregoing reasons, the conviction of Ricardo Lacey for Count Ten, theft, is affirmed; the case is remanded for re-sentencing, consistent with this opinion, on Count Two.

---

[1]In *Brisbane* and in *Baugham* "we left unresolved whether proof of smokability alone would suffice." *Baugham*, 449 F.3d at 171.