

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1423

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 548.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/548

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1423
_____

UNITED STATES OF AMERICA

v.

JACKIE JOHNSON,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 04-103-SLR)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 27, 2008

Before:  McKEE, RENDELL, and TASHIMA,* Circuit Judges.

(Filed: September 10, 2008)
_____

OPINION OF THE COURT
_____

TASHIMA, Circuit Judge.

_____

   * Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

Jackie Johnson was convicted following a jury trial on one count of possession with intent to distribute more than 50 grams of a mixture containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Johnson contends that the district court erred in declining to give the jury instruction he requested, which stated that possession with intent to deliver more than 50 grams of cocaine was a lesser included offense of possession with intent to deliver more than 50 grams of cocaine base. We disagree with Johnson's contention and will affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291.

A confidential informant of the Delaware State Police made several phone calls to Johnson and arranged to meet Johnson at a mall parking lot. Johnson was arrested in the parking lot after a ziploc bag that contained what officers recognized as crack cocaine was found in his vehicle. A field test of the substance at the scene showed a positive result for cocaine. Subsequently, a Drug Enforcement Agency ("DEA") chemist performed further tests on the substance and concluded that it was crack cocaine base.

Johnson was indicted on one count of possession with intent to distribute more than 50 grams of a mixture containing a detectable amount of cocaine base. The indictment alleged that the substance was "in the crack form of cocaine base and weighed more than 150 grams."

At trial, defense counsel argued that there was evidence in the record that the drugs were cocaine, not crack, relying on the preliminary field test conducted at the scene of the arrest. He requested a jury instruction on what he called either the alternative offense or

the lesser included offense of possession with intent to distribute cocaine, rather than cocaine base. The government initially did not object, and the court stated that it would probably give the instruction. Subsequently, however, the government raised the concern that Johnson had not been charged with possession of cocaine. Further, it pointed out that the field test indicating that the substance was cocaine was a preliminary test, which the government argued was not a sufficient basis for conviction. After further discussion, the District Court declined to give the instruction.

The jury found Johnson guilty of possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base. Johnson filed a motion for judgment of acquittal and for new trial, in which he raised the issue of the court's failure to give the requested lesser included offense instruction. The District Court denied the motion, explaining that the field test was a preliminary tool to determine the presence of narcotics, rather than conclusive evidence that the drugs were in fact cocaine, rather than cocaine base. It then sentenced Johnson to 240 months' imprisonment. Johnson timely appealed.

We review the refusal to give a particular jury instruction for abuse of discretion, although we exercise plenary review over the question of whether the jury instructions state the proper legal standard. United States v. Leahy, 445 F.3d 634, 642 (3d Cir. 2006). We will "reverse 'a district court's denial to charge a specific jury instruction only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the

defendant.'" Id. at 651 (quoting United States v. Phillips, 959 F.2d 1187, 1191 (3d Cir.1992)).

Johnson relies on United States v. Lacy, 446 F.3d 448 (3d Cir.), cert. denied, 127 S. Ct. 542 (2006), and United States v. Jackson, 443 F.3d 293 (3d Cir. 2006), to argue that possession of cocaine is a lesser included offense of possession of cocaine base. In Lacy, the defendant was charged with possession with intent to distribute five grams or more of a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b). The jury acquitted him of that offense, but convicted him of simple possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844, and possession with intent to distribute an unspecified amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On appeal, the defendant argued that simple possession of five or more grams of cocaine base was not a lesser included offense of possession with intent to distribute five or more grams of cocaine base. We disagreed, reasoning that, after Apprendi v. New Jersey, 530 U.S. 466 (2000), "drug identity and quantity should be considered the functional equivalents of elements of a simple possession offense when they increase a defendant's maximum statutory sentence exposure." Lacy, 446 F.3d at 453. Thus, the elements of the charged offense were "(1) knowing or intentional (2) possession (3) with intent to distribute (4) five grams or more (5) of a mixture or substance containing cocaine base." Id. at 454. The elements of the simple possession offense of which he was convicted were "(1) knowing or intentional (2) possession (3) of more than five

grams (4) of a mixture or substance containing cocaine base." Id. It was clear that "the simple possession offense of which Lacy was convicted is a lesser included offense of the charged possession with intent to distribute offense. The only difference between the two offenses is that the section 841 offense requires proof of intent to distribute the drugs." Id.

The defendant in Jackson was charged, as pertinent here, with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute more than five grams of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). He was convicted of both counts. On appeal, he contended that the first charge was a lesser included offense of the second, and the government conceded that he was correct. We agreed, stating that, in order to have found him guilty of § 860(a), the court "must have first found him guilty of § 841(a)(1)," and that a "conviction under § 860(a) only requires a finding of one additional element, the 1,000-foot proximity to a school." Jackson, 443 F.3d at 301; accord United States v. Jones, 489 F.3d 243, 254 (6th Cir. 2007) (stating that, "[b]y the explicit terms of § 860, . . . § 841(a)(1) is a lesser-included offense").

Neither Jackson nor Lacy supports Johnson's argument. It is self-evident by the very language of § 860 that § 841(a)(1) is a lesser included offense, and every circuit to have addressed the issue has so held. See Jones, 489 F.3d at 254 (citing cases). Similarly, it is commonly held and self-evident that simple possession of cocaine base is a lesser included offense of possession with intent to distribute cocaine base. See, e.g.,

United States v. Mays, 466 F.3d 335, 342 (5th Cir. 2006) ("Possession of a controlled substance is undeniably a lesser-included offense of possession with intent to distribute."), cert. denied, 127 S. Ct. 1313 (2007); United States v. Puckett, 405 F.3d 589, 600 (7th Cir. 2005) (stating that it is clear that simple possession is a lesser included offense of possession with intent to distribute).

The question of whether possession with intent to distribute cocaine is a lesser included offense of possession with intent to distribute cocaine base, however, is not clearly controlled by our precedent. We note that there is out-of-circuit authority that distribution of powder cocaine is a lesser included offense of distribution of cocaine base. See United States v. Lacey, 511 F.3d 212, 215 (D.C. Cir. 2008). Given the record in this case, however, we need not resolve that issue.

One reason why the District Court declined to give Johnson's requested jury instruction was that it concluded that there was not a sufficient evidentiary basis to support giving of the charge. The DEA chemist testified unequivocally that the drugs were "crack cocaine base," and the arresting officers testified that the drugs looked like crack cocaine. The court thus concluded that there was insufficient evidence to warrant an instruction on possession with intent to distribute cocaine. The district court's conclusion was not an abuse of discretion.

The only evidence on which Johnson based his request for the lesser included offense instruction was the testimony that the preliminary field test showed "a positive result for cocaine." There was no testimony, however, that the field test ruled out that the

drugs were cocaine base.  Moreover, cross-examination of the arresting officer revealed that a field test is only a preliminary test and that the substance is eventually sent to a laboratory for a definitive test.  This was corroborated by the testimony of the DEA chemist that a field test is a preliminary test, and that the definitive test is conducted in the laboratory by a chemist.

Thus, the record supports the District Court's ruling that there was insufficient evidence to warrant an instruction on possession with intent to distribute cocaine.  "A jury instruction must contain a lesser included offense only if the evidence adduced at trial could support a guilty verdict on either charge."  Gov't of Virgin Islands v. Knight, 989 F.2d 619, 632 (3d Cir. 1993).  It was clear that the field test was only a preliminary test, and there was no testimony that the field test was negative for cocaine base, only that it was positive for cocaine.  The DEA chemist testified that the definitive tests he conducted indicated that the substance was crack cocaine.  Further, one of the arresting officers testified that he knew the substance was crack cocaine, based on its appearance.  The District Court did not abuse its discretion in concluding that there was insufficient evidence to warrant giving an instruction on possession with intent to distribute cocaine. Cf. United States v. Harris, 313 F.3d 1228, 1241 (10th Cir. 2002) (holding that the district court did not abuse its discretion in denying the request for a jury instruction on the lesser included offense of simple possession where the quantity of cocaine base and the defendant's own testimony precluded the finding that a rational jury could have acquitted the defendant on the charge of possession with intent to distribute).

For the foregoing reasons, we will AFFIRM the judgment of conviction.