

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# USA v. Lacy

Precedential or Non-Precedential: Precedential

Docket No. 05-1913

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lacy" (2006). *2006 Decisions.* Paper 1008.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1008

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1913

UNITED STATES OF AMERICA

v.

MICHAEL LACY,
Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 01-cr-00037)
District Judge: Honorable Joseph J. Farnan, Jr.

Argued March 7, 2006
Before: RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>,
and SHAPIRO, <u>District</u> <u>Judge</u>*

(Filed May 5, 2006)

* Honorable Norma L Shapiro, Senior District Court Judge
for the Eastern District of Pennsylvania, sitting by
designation.

Penny Marshall     **[ARGUED]**
Office of Federal Public Defender
704 King Street
First Federal Plaza, Suite 110
Wilmington, DE 19801
   *Counsel for Appellant*

Shannon T. Hanson     **[ARGUED]**
Office of the U. S. Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899
   *Counsel for Appellee*

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Defendant Michael Lacy was charged with possession with intent to distribute five grams or more of a substance containing a detectable amount of cocaine base, or crack cocaine, in violation of 21 U.S.C. § 841(a) and (b). A jury acquitted him of the charged offense, but convicted him of two lesser included offenses, simple possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844, and possession with intent to distribute an unspecified amount of

cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On appeal, Lacy asks us to vacate his simple possession conviction, raising several claims to the effect that his conviction on more than one lesser included offense arising out of the same charge was improper. We conclude that none of Lacy's claims provides a proper basis for reversal. Accordingly, we will affirm.

## I.

Michael Lacy was arrested by the Wilmington, Delaware Police on June 19, 2001, in a Wilmington apartment. The police recovered from his pocket a small plastic bag that contained several individually wrapped small chunks, weighing 1.85 grams, of a white substance that was later determined to be a mixture containing cocaine base, or crack cocaine. They seized two more plastic bags from the bathroom of the apartment. One contained a large chunk of the substance, weighing 3.24 grams, and the other contained several more individually wrapped smaller chunks, weighing a total of 1.66 grams. Thus, the police recovered a total of 6.75 grams of crack cocaine on Lacy's person and in the bathroom.

Lacy was charged, in an indictment, with possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b). Before trial, the government asked the District Court to include three lesser included offenses in the jury charge and on the verdict form. Lacy objected, contending that drug type and quantity are not elements of the offense, but are, instead,

3

"sentencing factors" under 21 U.S.C. § 841. The District Court disagreed with Lacy, and, accordingly, instructed the jury orally, and in a written verdict form, that if the jury found that Lacy was not guilty of the indicted offense, it could consider whether he was guilty of (1) possession with intent to distribute an unspecified amount of cocaine base in violation of 21 U.S.C. § 841(a)(1), and (2) simple possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844. If the jury found Lacy not guilty of both of these offenses, it was instructed to consider whether he was guilty of a third alternative offense, simple possession of an unspecified amount of cocaine base. The jury found Lacy not guilty of possession with intent to distribute five grams of cocaine base, but found him guilty of *both* possession with intent to distribute an unspecified amount of cocaine base and simple possession of more than five grams of cocaine base.

After trial, Lacy moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), arguing that the evidence did not support verdicts on both lesser included offenses, that the jury verdict violated double jeopardy principles and that simple possession of cocaine base is not a lesser included offense of a section 841(a) charge for possession with intent to distribute. The District Court denied the motion. Lacy now appeals.

## II.

Our jurisdiction to consider Lacy's appeal from the District Court's final order of conviction arises under 18 U.S.C. § 1291. We exercise plenary review over an appeal from the

grant or denial of a motion for judgment of acquittal, applying the same standard as the district court to the individual claims. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). Thus,

> we must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.

*United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987) (quoting *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983)).

**III.**

Lacy urges us to overturn his simple possession conviction, arguing (1) that the Federal Rules of Criminal Procedure do not permit conviction for more than one lesser included offense arising out of a single charged offense, (2) that simple possession is not a lesser included offense of possession with intent to distribute, (3) that his convictions violate the Double Jeopardy Clause of the Constitution and (4) that the evidence presented was insufficient to support his conviction of both the simple possession and the possession with intent to distribute offenses. We address these claims in turn.

5

**A.      Federal Rule of Criminal Procedure 31(c)**

Federal Rule of Criminal Procedure 31(c) provides: "A defendant may be found guilty of . . . an offense necessarily included in the offense charged."  Lacy argues that, because the rule is phrased in the singular, it prohibits conviction on more than one lesser included offense for each offense charged.  If Congress and the Supreme Court had intended to allow multiple convictions for lesser included offenses under the rule, he contends, they would have said that a defendant may be found guilty of "offenses," not "an offense," "necessarily included in the offense charged."

We disagree that the rule is so limited, for several reasons.  First, the advisory committee notes to Rule 31(c) indicate that the rule "is a restatement of existing law."  Specifically, the rule replaced the provision in the Act of June 1, 1872 that stated that "'in all criminal cases the defendant may be found guilty of *any* offence the commission of which is necessarily included in that with which he is charged in the indictment.'"  *Schmuck v. United States*, 489 U.S. 705, 719 (1989) (quoting Act of June 1, 1872, ch. 255, § 9, 17 Stat. 198) (emphasis added).  The word "any" suggests that a defendant may be found guilty of several offenses other than that charged in the indictment, so long as all such offenses are "necessarily included" in the charged offense.  Thus, the idea that a defendant may be convicted of multiple lesser included offenses arising out of a single charge in an indictment is rooted in the history of the rule; the change in the text from "any offence" to "an offense" does not appear to reflect a change in its meaning.

6

Second, Lacy has not advanced, and we cannot fathom, any principle that would prevent us from applying the rule according to this tradition. We are satisfied that defendants' rights are adequately protected by existing limitations on the application of the rule. The Supreme Court has adopted a test for determining when an offense is "necessarily included in the offense charged" under Rule 31(c):

> [O]ne offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c).

*Id.* at 716. This test protects defendants' rights by ensuring that they have "constitutionally sufficient notice" that they face conviction on all lesser included offenses. *See id.* at 717-18. Further, the common law rule "bar[ring] conviction for both an offense and a lesser included offense arising from the same conduct," Paul H. Robinson et al., 1 *Crim. L. Defs.* § 68(d)(2) (1984 & 2005 Supp.), neutralizes any potential prejudice to the defendant by prohibiting multiple lesser included offense convictions for the same acts. As long as these rules are satisfied, as they are here, *see* section III.B below, we see no reason not to allow multiple convictions for lesser included offenses on the same charged offense under Rule 31(c).

Third, a finding that Rule 31(c) supports only a single lesser included offense conviction would require us, in cases where more than one lesser included offense satisfies the

7

*Schmuck* elements test, to develop some mechanism for selecting which offense should be charged. Lacy has not explained what criteria should guide this choice, and, because this issue has not been addressed in the case law, we would be arbitrarily creating such a test. We think the sounder practice is to conclude, consistent with the history of Rule 31(c), that all lesser included offenses that satisfy the test established by the Supreme Court may be charged simultaneously, and may support separate convictions, as long as the various lesser included offenses relate to different conduct, *i.e.*, are not lesser included offenses of one another.

## B.      Lacy's Lesser Included Offense Claim

Lacy argues that simple possession of five or more grams of cocaine base, in violation of 21 U.S.C. § 844, is not "necessarily included in" the offense with which he was charged, possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b). We do not agree and, in fact, find that his convictions of both lesser included offenses fit well within the parameters described above.

As noted above, an offense "necessarily included in the offense charged" under Federal Rule of Criminal Procedure 31(c) "is one that does not require proof of any additional element beyond those required by the greater offense." *Gov't of the Virgin Islands v. Joseph*, 765 F.2d 394, 396 (3d Cir. 1985) (emphasis omitted). To resolve Lacy's claim, then, we must compare the elements of the charged offense with those of the convicted offense.

8

We have addressed this question once before. In 1992, we noted, without further explanation, that "[t]he crime of simple possession under 21 U.S.C. § 844 is a lesser offense included within the offense of possession with intent to distribute under 21 U.S.C. § 841(a)." *United States v. Frorup*, 963 F.2d 41, 42 (3d Cir. 1992) (citing *United States v. Garcia-Duarte*, 718 F.2d 42, 47 (2d Cir. 1982)).[1] However, changes in the law regarding what constitutes an "element" of an offense, as a result of the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), require that we examine this issue anew.

After *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Such facts are the "functional equivalent[s]" of "elements" of an aggravated offense that carries a higher statutory maximum penalty. *Id.* at 494 n.19. *See also United States v. Barbosa*, 271 F.3d 438, 452-53 (3d Cir. 2001) (explaining *Apprendi*). Thus, we held, in *United States v. Barbosa*, 271 F.3d at 457, and *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001) (en banc), that drug identity and quantity must be treated as elements of a section 841 possession with intent to distribute offense when taking either factor into account increases the

---

[1]Other courts of appeals disagreed, concluding that simple possession required proof of drug amount and type, while possession with intent to distribute did not. *See United States v. Stone*, 139 F.3d 822, 828-34, 836 (11th Cir. 1998) (collecting cases).

applicable statutory maximum. Although we have not previously discussed this issue in the context of a section 844 simple possession offense, we conclude that applying *Apprendi* to that statute yields the same result that we reached with respect to section 841: drug identity and quantity should be considered the functional equivalents of elements of a simple possession offense when they increase a defendant's maximum statutory sentence exposure.

Lacy was charged with "knowingly possess[ing] with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)." The statutory provision under which Lacy was charged in the indictment, 21 U.S.C. § 841(a)(1), provides "it shall be unlawful for any person knowingly or intentionally–to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Thus, the elements of the base offense are (1) knowing or intentional (2) possession (3) with intent to distribute (4) a controlled substance.

Lacy's indictment did not just charge the base offense, however; it specified a particular drug type and amount. We apply the tests from *Barbosa* and *Vazquez* to determine whether those facts act as "elements," or their equivalents, of the charged offense. Subsection 841(b), which is labeled "Penalties," sets forth statutory sentencing ranges based on the type and amount of drug involved. The "default" or "catchall" sentence for a violation of 841(a)(1) is a term of imprisonment of *not more than one year*, as set forth in 21 U.S.C. § 841(b)(3). *See*

10

*Barbosa*, 271 F.3d at 457. By contrast, the maximum penalty for possession with intent to distribute an unspecified quantity of a mixture or substance containing cocaine base is *20 years*, *see* 21 U.S.C. § 841(b)(1)(C),[2] and the maximum penalty for possession with intent to distribute five grams or more of a mixture or substance that contains cocaine base is *40 years*, 21 U.S.C. § 841(b)(1)(B)(iii). Thus, in this case, both the drug type and amount serve to increase the maximum statutory penalty, and must be treated as "elements" of the offense. Effectively, then, the elements of the charged offense are (1) knowing or intentional (2) possession (3) with intent to distribute (4) five grams or more (5) of a mixture or substance containing cocaine base.

Lacy was convicted of "possession of more than five (5) grams of cocaine base." The basic elements of a simple possession offense are (1) knowing or intentional (2) possession (3) of a controlled substance. *See* 21 U.S.C. § 844 ("It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . ."). Like section 841, however, section 844 provides a schedule of escalating penalties that depend on the drug type and amount. The basic penalty, as under section 841, is "a term of imprisonment of not more than one year." *Id.* The penalty for conviction of possession of more than five grams of a mixture or substance that contains cocaine base, however, is imprisonment for up to *20 years*. As under section 841, the drug amount and quantity increase the statutory maximum penalty applicable to a simple possession conviction.

[2]Cocaine and its derivatives are schedule II controlled substances. *See* 21 U.S.C. § 812, sched. II (a)(4).

11

Thus, the functional elements of the simple possession offense for which Lacy was convicted are (1) knowing or intentional (2) possession (3) of more than five grams (4) of a mixture or substance containing cocaine base.

Comparing the elements of the two offenses, it is clear that the simple possession offense of which Lacy was convicted is a lesser included offense of the charged possession with intent to distribute offense. The only difference between the two offenses is that the section 841 offense requires proof of intent to distribute the drugs. The District Court therefore properly charged simple possession of more than five grams of cocaine base as a lesser included offense of possession with intent to distribute five grams or more of cocaine base.

It is also clear that the second offense of which Lacy was convicted–which he does not challenge on appeal–is a lesser included offense of the charged offense. Possession with intent to distribute an unspecified quantity of cocaine base requires proof of a "subset" of the facts that must be proved to sustain a conviction for possession with intent to distribute five grams or more of cocaine base–everything except for the drug amount.

Finally, although Lacy has not raised this as an issue, we note that the two offenses of which he was convicted are *not* lesser included offenses of each other, because each requires proof of a fact that the other does not. The simple possession conviction requires proof of the specific drug amount, while the possession with intent conviction requires proof of intent to distribute. Lacy was not convicted twice for the same conduct.

Thus, the District Court properly charged Lacy with, and the jury properly convicted him of, two separate lesser included offenses.

**C.      Double Jeopardy**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court, in *North Carolina v. Pearce*, 395 U.S. 711 (1968) explained that the "constitutional guarantee against double jeopardy" consists of "three separate constitutional protections":

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Id.* at 717.

The District Court analyzed and rejected Lacy's challenge under the third category of protections, concluding that he was not being punished twice for the same offense. On appeal, Lacy repeatedly stresses that he is not pursuing a "separate offense" or "multiplicity" challenge because "he does not assert that the two convictions returned by the jury establish one violation," Appellant's Br. at 31; Appellant's Reply Br. at 18. Furthermore, he acknowledges that "possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a) and possession of five grams or more of cocaine base under 21

13

U.S.C. § 844 constitute wholly separate proscriptions." Appellant's Br. at 31.

Instead, Lacy appears to be raising two separate but related double jeopardy challenges. First, he argues that his convictions were improper because the jury effectively convicted him of the two lesser included offenses after it had acquitted him of the charged offense. Second, he claims that, by requesting the District Court to charge the jury on the two lesser included offenses, the prosecution improperly "'divide[d] up a continuing crime into bits and prosecute[d] him separately for each.'" Appellant's Br. at 25 (quoting *United States v. Chagra*, 653 F.2d 26, 29 (1st Cir. 1981)). We can find no support for either of these claims.

Lacy bases his first double jeopardy claim on *Sanabria v. United States*, 437 U.S. 54 (1978). The question in that case was whether, after the defendant had been acquitted of an offense, the prosecution could subject the defendant to a subsequent trial on the same facts, under a slightly different legal theory. *Id.* at 69-73. The Supreme Court held that it could not. *Id.* at 74. Citing *Sanabria*, Lacy claims that his acquittal on the charged offense immunized him from "subsequent" charges on the lesser included offenses. *See* Appellant's Br. at 26-27.

The holding of *Sanabria* does not apply here. Lacy glosses over a crucial distinction, namely that, unlike the defendant in *Sanabria*, Lacy was convicted of the lesser included offenses *in the same trial* in which the jury acquitted him of the charged offense. None of the cases that Lacy cites, or that we could find, supports his view that *Sanabria*'s

14

subsequent prosecution theory of double jeopardy applies in cases involving convictions for lesser included offenses *in the same proceedings*.

In fact, the Supreme Court has repeatedly noted that double jeopardy *does not* bar prosecution of related charges in the same proceeding. In *Missouri v. Hunter*, 459 U.S. 359 (1983), for example, the Court concluded that, "[w]here . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . . the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes *in a single trial*." *Id.* at 368-69 (emphasis added). In *Sanabria*, the Court clearly acknowledged that, although prosecutors could not bring a new *trial* against the defendant on different theories related to the same conduct, acquittal on one theory might not have barred conviction on the other if the theories had been charged in *separate counts* of a *single indictment*. 437 U.S. at 72-73. Finally, in *Ohio v. Johnson*, 467 U.S. 493 (1984), the Court noted that the prosecution could not bring new charges where a defendant has already been acquitted or convicted on a lesser included offense, *see id.* at 501 (citing *Brown v. Ohio*, 432 U.S. 161 (1977)), but held that the Double Jeopardy Clause did not bar a State from continuing a prosecution on greater offenses *in the same proceeding* in which the defendant had pleaded guilty to lesser included offenses charged in a single indictment. *Id.* at 502.

Following the Supreme Court's lead, we decline to hold that "trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and

15

punishment on one count . . . immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded." *Id.* at 501. Thus, the District Court did not violate Lacy's rights under the Double Jeopardy Clause by allowing the jury to convict him of two lesser included offenses in the same trial in which the jury acquitted him of the charged offense.

Lacy also contends that his conviction on separate offenses amounted to improperly dividing up a single "unit of prosecution" into pieces and convicting him separately of each piece. We disagree, and find his challenge ill-suited to the facts of this case. The central inquiry in a "unit of prosecution" challenge is whether the defendant has been charged, convicted and punished more than once for the *same conduct*. *See United States v. Pollen*, 978 F.2d 78, 85 (3d Cir. 1992) (quoting *Sanabria*, 437 U.S. at 70) (question in "unit of prosecution" case is whether "'a particular course of conduct involves one or more distinct offenses'"). As Lacy notes in his brief, "[i]t has long been the law that a prosecutor cannot divide a continuing crime into bits and prosecute separately for each." *United States v. Chagra*, 653 F.2d 26, 29 (1st Cir. 1981), *quoted in* Appellant's Br. at 25. Thus, a baker that baked four loaves of bread on a Sunday could only be convicted once under a statute that prohibited working on a Sunday, *id.* (citing *Crepps v. Durden*, (1777) 98 Eng. Rep. 1283 (K.B.)), and the government could prosecute a man "only once for cohabiting for three years straight with more than one woman as his wife; it could not prosecute him three times, once for each year," *id.* at 30 (citing *In re Snow*, 120 U.S. 274 (1887)).

16

To determine whether a defendant was properly charged, convicted and punished separately for the same offense, we examine

> whether proof of one offense charged requires an additional fact that proof of the other offense does not necessitate. . . . Also of central importance is whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts.

*Pollen*, 978 F.2d at 85 (quoting *United States v. Stanfa*, 685 F.2d 85, 87 (3d Cir. 1982)).

The facts of this case do not raise "unit of prosecution" concerns. As noted above, each of the offenses of which Lacy was ultimately convicted required proof of a fact that the other did not. And Lacy himself acknowledges that he was not convicted of multiple counts of the same offense, but rather of single counts of each of two "wholly separate proscriptions." Appellant's Br. at 31. His two convictions do not dissect an otherwise continuing crime, but, rather, reflect two different types of conduct: simple possession of more than five grams of cocaine base, and possession with intent to distribute the remaining drugs. We will not disturb his convictions on this basis.

**D.      Sufficiency of the Evidence**

17

As described above, the evidence presented at trial established Lacy's possession of three bags of crack cocaine, with a total drug weight of 6.75 grams. Two of the bags contained individually wrapped chunks; the one found in the bathroom contained a total of 1.66 grams, and the one found in Lacy's pocket contained 1.85 grams. The third bag, also found in the bathroom, contained a larger single chunk of crack cocaine that weighed 3.24 grams. Based on the verdict, we know that the jury concluded that Lacy did not intend to distribute five grams or more of the drugs. We also know that the jury believed that he possessed five grams or more of cocaine base, and that he possessed some unknown quantity with intent to distribute.

Lacy argues, quite simply, that there aren't enough drugs in evidence to support both of his convictions. In his view, "[t]here are only two logical manners in which a reasonable jury might divide" the evidence. Appellant's Br. at 18. The first logical way to divide the evidence, he contends, would be to assume that the drugs found on Lacy's person were intended for distribution, while those found in the bathroom were not. Under this scenario, Lacy would have possessed 1.85 grams for distribution and 4.9 grams for some purpose other than distribution. Alternatively, he argues, the jury could have assumed that Lacy intended to distribute the drugs that were wrapped up into smaller pieces. In that case, 3.51 grams of the drugs would support the possession with intent to distribute conviction, but only 3.24 grams would remain for the simple possession conviction. But under neither scenario could the jury simultaneously conclude that he intended to distribute a discrete quantity of drugs and that he possessed five grams or more of

18

drugs for some purpose other than distribution.

We disagree, and decline Lacy's invitation to guess which drugs the jury assigned to which conviction. The sufficiency of the evidence standard requires us to uphold convictions as long as "a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991). In this case, the government presented evidence that Lacy possessed 6.75 grams of cocaine base, more than enough drugs to support both convictions. We are satisfied that a reasonable jury could simultaneously have concluded that Lacy possessed five or more grams for some purpose other than distribution and that he possessed the residual amount with intent to distribute. The jury's verdict was accordingly supported by sufficient evidence.

## IV.

For the foregoing reasons, we reject Lacy's claims and will affirm his convictions.

19