

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# USA v. Julien

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2872

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Julien" (2007). *2007 Decisions.* Paper 20.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/20

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  07-2872

UNITED STATES OF AMERICA

v.

RONALD JULIEN,

Appellant

On Appeal from the District Court of the Virgin Islands
District Court No. 06-CR-21
District Judge: The Honorable Curtis V. Gomez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2007

Before: SMITH, NYGAARD, and ROTH, *Circuit Judges*

(Filed: December 20, 2007 )

OPINION

SMITH, *Circuit Judge.*

Ronald Julien was charged in an indictment with aiding and abetting

another in knowingly and intentionally possessing cocaine base with the intent to

1

distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A jury found Julien guilty of the offense charged. The District Court of the Virgin Islands sentenced Julien to 41 months of imprisonment. Julien appealed.[1] He contends that the District Court erred by denying his motion for judgment of acquittal. *See* Fed. R. Crim. P. 29. We will affirm the judgment of the District Court.

The record reveals that Detective Angel Castro contacted Julien, a taxi driver in St. Croix, to arrange for transportation from the airport. During the taxi ride, Castro inquired about purchasing crack cocaine. Julien agreed to contact his supplier. The following day, Castro contacted Julien by telephone to determine if Julien had spoken with his supplier. As a result of this conversation, Julien agreed to meet Castro at the Christiansted Fort. Although Julien tried to convince Castro to leave the Fort and to meet his supplier at the supplier's house, Castro prevailed upon Julien to bring his supplier to the Fort.

Shortly thereafter, Julien arrived in his taxi at the Fort with Burnel Iles, also known as Bonz. The meeting between Bonz and Castro resulted in Bonz leaving the Fort to obtain the crack cocaine. As Castro waited in front of the Fort for Bonz to return, Julien stopped in his taxi to ascertain if Castro had met with Bonz.

---

[1]The District Court had jurisdiction pursuant to 28 U.S.C. § 3231 and 48 U.S.C. § 1612. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Castro acknowledged that he had. Subsequently, Bonz returned to the Fort and tendered 32 grams of crack cocaine to Castro in exchange for $750.00.

Julien asserts that the District Court erred by denying his motion for judgment of acquittal because there was insufficient evidence to establish each element of the offense charged. He also submits that the prosecution failed to prove beyond a reasonable doubt that he was not entrapped by Detective Castro. In *Jackson v. Virginia*, 443 U.S. 307, 318 (1979), the Supreme Court instructed that the critical inquiry in reviewing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." If so, the verdict must be sustained. *Id.; see also Burks v. United States*, 437 U.S. 1, 16 (1978). Similarly, "[w]hen a jury has rejected the entrapment defense, we 'must view the evidence in the light most favorable to the prosecution, and . . . Viewing the evidence in this light, [we] must uphold the jury's verdict unless no reasonable jury could conclude beyond a reasonable doubt that the defendant was predisposed to commit the offense for which he was convicted.'" *United States v. Lakhani*, 480 F.3d 171, 179 (3d Cir. 2007) (quoting *United States v. Jannotti*, 673 F.2d 578, 597 (3d Cir. 1982)(en banc)).

Viewing the evidence in the light most favorable to the prosecution, we

3

conclude that the District Court did not err in denying Julien's motion for judgment of acquittal. The evidence we recited above is sufficient to establish that Julien aided and abetted the commission by Bonz of the violation of 21 U.S.C. § 841(a)(1). *See United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006) (observing that the elements of § 841(a)(1) "are (1) knowing or intentional (2) possession (3) with intent to distribute (4) a controlled substance"). Inasmuch as the evidence shows that Julien contacted his supplier, transported Bonz to meet with Castro, and stopped to see if the meeting was satisfactory in Castro's view, we conclude that the jury's rejection of Julien's defense of entrapment is supported by the evidence. *See Lakhani*, 480 F.3d at 179 (noting that evidence that shows the accused readily responded to a solicitation by the government is sufficient to prove predisposition). Accordingly, we will affirm the judgment of the District Court.