

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2009

# USA v. Prince

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Prince" (2009). *2009 Decisions.* Paper 1346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4408

UNITED STATES OF AMERICA

v.

TYRONE PRINCE,
Appellant

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS,
DIVISION OF ST. THOMAS/ST. JOHN
(D.C. Crim. No. 05-cr-00076-10)
District Judge:  Honorable Curtis V. Gomez

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2009

Before: BARRY, HARDIMAN, and COWEN, Circuit Judges

(Opinion Filed:  May 20, 2009)

OPINION

BARRY, Circuit Judge

    Defendant Tyrone Prince was charged in a superseding indictment with two counts

of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841.  A

jury convicted him of the substantive offense—possession with intent to distribute cocaine base—but found that the government failed to prove the quantities of cocaine base alleged in the indictment that would have supported a mandatory minimum sentence. Prince was sentenced to a within-guidelines term of imprisonment of 33 months.

On appeal, Prince asks us to vacate his conviction, contending that the government failed to prove an essential element of the charged offense—quantity. He claims that he should have been acquitted or, in the alternative, that the District Court should have specifically instructed the jury on the lesser included offense of simple possession. He also argues that, in the absence of a jury finding of specific quantity, he should have been sentenced under the guideline addressed to offenses involving the minimum amount of cocaine base. We will affirm. [1]

## I.

The specific statutory offense charged in the indictment does not square precisely with the offense of conviction. The indictment charges Prince with possession with intent to distribute crack cocaine in two counts, which correspond to varying quantities sold on different dates—26 grams on November 16, 2004, and 27 grams on November 23, 2004—for a total quantity of 53 grams. The criminal statute charged is 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(iii). Subsection (a)(1) is the substantive conduct element: possession with intent to distribute a controlled substance. Subsection

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291.

(b)(1)(A)(iii), which is listed under the "Penalties" subheading, calls for a mandatory minimum term of imprisonment of 10 years for a violation involving 50 grams or more of a mixture containing cocaine base, while subsection (b)(1)(B)(iii) sets the minimum at 5 years for 5 grams or more. Given the quantities alleged, Prince could have been charged under (A)(iii) or (B)(iii), but the indictment does not specify which one actually applied to him. We will use the 5-gram threshold—(B)(iii)—as it does not appear that the government sought the 10-year mandatory minimum called for under (A)(iii), and every reference in the record to a quantity threshold is to 5 grams.

At trial, Prince admitted that he had sold crack cocaine to a confidential source, but testified, without specifics, that the quantity involved was less than the amount the government entered into evidence. The Presentence Investigation Report ("PSR") prepared by the Probation Office indicates that Prince sold 1.6 grams of crack cocaine on November 16, 2004 and 2.4 grams on November 23, 2004, for a total of 4.0 grams. (PSR ¶¶ 14-18.) While there are several passing references to those amounts in the record, it is not entirely clear how the Probation Office arrived at that total. The prosecutor referred to "the chemists' testimony" at the charge conference (App. 45), but that testimony is not in the record before us.

At the conclusion of trial, the District Court submitted to the jury a verdict form with two questions on each count pertaining to Prince. Asked whether Prince "knowingly and intentionally distribut[ed] . . . a detectable amount of a controlled substance . . . as

charged in the indictment," the jury answered "Guilty" on both counts. (*Id.* 12-13.) Next, when asked whether the government proved that 5 grams or more of crack was involved, the jury marked the space indicating "No." (*Id.*) Thus, the jury found Prince guilty of the substantive conduct element of the offense—the knowing and intentional distribution of a controlled substance—but not in an amount triggering a mandatory minimum sentence under § 841(b)(1)(B)(iii).

After the jury returned its verdict, Prince moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), arguing that the government failed to prove what he considered "an element of the offense": the quantity of drugs required to meet § 841(b)(1)(B)(iii). The District Court denied the motion. At sentencing, Prince relied on substantially the same argument, albeit couched as an objection to the calculation of the base offense level in the PSR. He argued that, because the jury did not return a verdict with a specific quantity finding, his advisory guideline range should be calculated in accordance with the minimum quantity guideline, U.S.S.G. § 2D1.1(c)(14). The Court denied Prince's objections and adopted the recommended sentence in the PSR.

The judgment of conviction states that Prince was adjudicated guilty of 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(C) sets forth the possible penalties for a violation of § 841(a)(1) involving an amount of crack cocaine that does not exceed the threshold for a mandatory minimum—in other words, a crack distribution offense involving less than 5 grams. Thus, while § 841(b)(1)(C) provides for a maximum twenty-year sentence, it does

not require imposition of a mandatory minimum sentence.

## II.

Prince argues that, because the government failed to prove the "requisite element" of 5 grams or more of cocaine base charged in the indictment, the District Court should either have granted his Rule 29 motion for acquittal or instructed the jury to consider a lesser included misdemeanor—simple possession pursuant to 21 U.S.C. § 844(a). He is incorrect.

The evidence adduced at trial did not support a quantity finding above the 5-gram mandatory minimum threshold charged by the government. The jury determined, however, that Prince engaged in the substantive conduct charged under § 841(a)(1), and that this conduct involved an unspecified quantity of crack cocaine consistent with § 841(b)(1)(C). In effect, Prince avoided a mandatory minimum sentence by dropping one level on the penalty scale established by Congress for the punishment of drug distribution offenses under § 841.

In arguing that he should have been sentenced under 21 U.S.C. § 844(a), Prince misreads our holding in *United States v. Lacy*, 446 F.3d 448 (3d Cir. 2006), to provide that the only "lesser included offense"[2] for a violation of § 841(a)(1) is simple possession

---

[2] An offense "necessarily included in the offense charged" under Federal Rule of Criminal Procedure 31(c) "is one that does not require proof of any additional element beyond those required by the greater offense." *Gov't of the V.I. v. Joseph*, 765 F.2d 394, 396 (3d Cir. 1985) (emphasis omitted).

pursuant to § 844(a).[3]  While, in *Lacy*, we held that § 844(a) is *a* lesser included offense of § 841(a)(1), 446 F.3d at 454-55, we did not hold that it is the *only* one.  Section 841(b)(1)(C)—the penalty subsection cited in the Court's judgment—when coupled with § 841(a)(1), punishes (1) knowing or intentional (2) possession (3) with intent to distribute (4) a controlled substance.  As evidenced by its completed verdict sheet, the jury found that the government proved each of these elements beyond a reasonable doubt.  The jury's determination that the quantity proved at trial did not exceed the 5-gram threshold is of no significance, because § 841(b)(1)(C) does not require proof of a specified drug quantity.

Prince does not explain why the District Court should have looked past the jury's finding that he met the "intent to distribute" element of § 841(a)(1) and (b)(1)(C) such that a sentence in accordance with § 844(a) was the only appropriate option.  Nor can he contend that his sentence in excess of the one-year ceiling imposed for a conviction of § 844(a) was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[4] because the finding of intent that distinguishes a § 841 offense from a § 844(a) offense was made by the jury.  Accordingly, Prince was properly convicted under § 841(b)(1)(C).

---

[3]  Prince seeks a sentence in accordance with § 844(a) because he would be subject to a maximum one-year prison term.  *See* 21 U.S.C. § 844(a) ("Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year . . . .").

[4] The Supreme Court held in *Apprendi* that a defendant's constitutional rights are violated when his prescribed statutory maximum penalties are increased by any fact, other than a prior conviction, that a jury does not find beyond a reasonable doubt.  530 U.S. at 490.  Such facts are the "functional equivalent[s]" of "elements" of an aggravated offense with a higher statutory maximum.  *Id.* at 494 n.19.

Prince's second argument—that he should have been sentenced pursuant to the minimum quantity guideline, U.S.S.G. § 2D1.1(c)(14), which carries a base offense level of 12—is also incorrect.  For sentencing purposes, drug quantity is considered relevant conduct determinable by the sentencing court, *see* U.S.S.G. § 2D1.1, cmt. n.12, and Prince does not dispute that his criminal conduct involved a total of 4 grams of crack cocaine.  Accordingly, we see no reason to upset the sentence.

## III.

For the reasons set forth above, we will affirm the judgment of conviction.