HLD-097(February 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4340
_____

MIGUEL CABRERA,
                                                                Appellant
                                   v.

WILLIAM SCISM, Warden of Allenwood, LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01821)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011
Before:   MCKEE, Chief Judge, ALDISERT AND WEIS, Circuit Judges

(Opinion filed  April 18, 2011)
_____

OPINION
_____

PER CURIAM.

On October 25, 2002, Miguel Cabrera entered into a plea agreement and

was subsequently sentenced to 216 months of imprisonment under 21 U.S.C. § 846 for

conspiring to distribute drugs.  On January 17, 2006, Cabrera moved to vacate, set aside,

1

or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court dismissed the motion as untimely filed.

On August 30, 2010, Cabrera filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition challenged his conviction on the ground that, after he was sentenced, the Supreme Court changed the legal landscape regarding the distinction between sentencing factors and elements for conviction under 21 U.S.C. § 846. As a consequence, Cabrera claims, he was never convicted of the crime that he was sentenced for because the Government did not prove drug type – an element of the crime – beyond a reasonable doubt. Further, because the jury never found the identity of the controlled substance beyond a reasonable doubt, he argues that his sentence exceeds the default statutory maximum of not more than one year, as set forth under 21 U.S.C § 841(b)(3). See United States v. Lacy, 446 F.3d 448, 454 (3d Cir. 2006) (holding that when drug type and amount serve to increase the maximum statutory penalty, it must be treated as an element of the offense).

The District Court dismissed Cabrera's petition for lack of jurisdiction because his claims challenged the legality of his sentence and, therefore, should have been brought in a motion under § 2255. Although Cabrera sought to proceed under § 2241, the District Court found that § 2255 was not inadequate or ineffective such as to authorize pursuit of a habeas corpus petition. The District Court also determined that Cabrera could not proceed under § 2255 because he had not obtained permission to file a

2

second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A).

Cabrera moved for reconsideration, arguing that § 2241 was the appropriate remedy because his claims are based on new interpretations of 21 U.S.C. §§ 846 and 841(a)(1) that were not available to him when he filed his first § 2255 motion. The District Court denied reconsideration. Cabrera appealed. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F. 3d 117, 120 (3d Cir. 2002). A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal

3

by an intervening change in law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

We agree with the District Court that § 2241 is not the proper means of raising these claims. Further, we agree that Cabrera has not demonstrated that a § 2255 motion provides an inadequate or ineffective remedy. The cases Cabrera cites, United States v. O'Brien, 130 S. Ct. 2169 (2010), and Dean v. United States, 129 S. Ct. 1849 (2009), do not reflect an intervening change in law. Nor does either of these cases apply directly to Cabrera.[1] Cabrera had a prior opportunity to challenge his sentence under § 2255, but failed to timely do so. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255. Dorsainvil, 119 F.3d at 251. It follows, as the District Court concluded, that § 2241 is not the proper means of raising these claims, and the District Court lacked jurisdiction to address them.

Accordingly, we will summarily affirm the decision of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[1] In O'Brien, the Supreme Court found that, under 18 U.S.C. § 924, the statute prohibiting the use or carrying of a firearm in relation to a violent or drug trafficking crime, the fact that the firearm was a machinegun was an element of the offense to be proved to the jury beyond a reasonable doubt. 130 S. Ct. at 2174. In Dean, the Supreme Court held that the mandatory minimum sentence imposed under § 924(c)(1)(A)(iii) required no separate proof of intent. 129 S. Ct. at 1856. Cabrera does not allege that he was convicted or sentenced pursuant to 18 U.S.C. § 924. Thus, even if these cases did reflect an intervening change in law, they would not have any retroactive effect on Cabrera's conviction or sentence.

4