NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 15-2801 & 15-2802

_____

UNITED STATES OF AMERICA

v.

DASHUNDA HARMON,
                              Appellant in No. 15-2801

_____

UNITED STATES OF AMERICA

v.

VANESSA SINGLETARY,
                              Appellant in No. 15-2802

_____

On Appeal from the United States District Court
for the District of Delaware
D. C. Criminal No. 1-13-cr-00074-003/4)
District Judge: Honorable Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
on July 15, 2016

Before:  MCKEE, Chief Judge**, ROTH and RENDELL, Circuit Judges

(Opinion filed: March 2, 2017)

_____

** The Honorable Theodore A. McKee was Chief Judge at the time this appeal was
submitted.  Judge McKee completed his term as Chief Judge on September 30, 2016.

———————————

OPINION[*]

———————————

ROTH, <u>Circuit Judge</u>

Following their convictions in a joint criminal trial, Dashunda Harmon and Vanessa Singletary appeal the District Court's denial of their motions for a new trial. Harmon also appeals the District Court's denial of her motion for acquittal. For the reasons stated below, we will affirm the judgment of the District Court.

I.

Harmon's and Singletary's claims arise out of their joint criminal trial in connection with a robbery of the M&T Bank in Dover, Delaware. A 2013 grand jury indictment charged both Harmon and Singletary with conspiracy to commit armed bank robbery,[1] aiding and abetting armed bank robbery,[2] and use of a firearm in relation to a crime of violence.[3] At trial, the government relied extensively upon the testimony of Phillip Yates, one of the two other participants in the robbery. Yates testified that he and Larry Pierce developed a plan to rob the M&T Bank and solicited Singletary to serve as a getaway driver. Singletary then recruited her friend Harmon to join in the planned robbery. Harmon and Singletary drove Pierce and Yates to the designated rendezvous

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] 18 U.S.C. § 371 (2012).
[2] 18 U.S.C. § 2113(a), (d).
[3] 18 U.S.C. § 924(c).

2

point in Yates's vehicle, at which point the two men retrieved latex gloves and handguns from the car and set off on foot to rob the bank. According to Yates, Harmon and Singletary agreed to wait at the rendezvous point while Pierce and Yates robbed the bank, and then to drive them to safety; in exchange, Pierce and Yates agreed to pay them $500 each. Yates successfully made it back to the car, but after detecting significant police presence in the area, he exited the car and was later apprehended on foot. Subsequently, Singletary called 911 and claimed that someone had held a gun to her head and forced both her and Harmon to drive.

Yates confessed to the robbery and testified extensively against Harmon and Singletary at trial. While testifying, Yates was questioned at length regarding drug-dealing activities that he allegedly engaged in during the time period that he planned and executed the robbery. Yates denied these allegations. Defense counsel attempted to impeach Yates with text messages he sent referring to illegal activity. Subsequently, defense counsel informed the District Court that they believed that Yates had perjured himself in denying the drug-dealing allegations. The District Court met with all parties and determined that while calling Yates's credibility into question was appropriate, there was no basis to believe that the government had knowingly suborned perjury, characterizing what transpired during Yates's cross-examination as "entirely in the normal course of an adversary process." Defense counsel then fully explored the topic of Yates's credibility in their closing statements.

Harmon and Singletary were convicted on both the conspiracy and aiding and abetting bank robbery charges. After the verdicts were entered, the defendants both

3

moved for a new trial, arguing that they had been prejudiced by the government's failure to acknowledge and correct Yates's false trial testimony. Harmon also brought a sufficiency challenge under Federal Rules of Criminal Procedure 29(c) and 33, arguing (1) there was insufficient evidence to sustain the jury's verdict and (2) a heightened standard of sufficiency was required because of the risk of an unlawful conviction based upon the false testimony of a co-conspirator. The District Court denied these motions, finding that: (1) Yates's asserted untruthful statements were not material to the case against Harmon and Singletary and did not establish a "reasonable likelihood that the verdict would be affected"; (2) the court had instructed the jury to weigh the credibility of various sources, including Yates; and (3) a reasonable jury could have found Harmon guilty on both counts. Harmon and Singletary now renew these arguments on appeal.

## II.

The District Court exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion for a new trial for abuse of discretion.[4] We review sufficiency claims to determine whether, viewing all the evidence adduced at trial in the light most favorable to the government, a rational trier of fact could find guilt beyond a reasonable doubt.[5]

A. New Trial Claims

Both defendants moved for a new trial arguing that their due process rights had been violated by "the Government's prejudicial failure to acknowledge and correct

---

[4] *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015).
[5] *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993).

4

Yates'[s] false testimony." To be entitled to a new trial on the basis of a due process violation arising from perjured testimony, a defendant must establish: (1) the witness committed perjury; (2) the government knew or should have known of the witness's perjury; (3) the testimony went uncorrected; and (4) there is a "reasonable likelihood that the false testimony could have affected the verdict."[6]

The District Court analyzed these factors and determined that Harmon and Singletary had not met their burden. The District Court concluded that there was insufficient evidence to find that Yates had committed perjury in denying the drug dealing allegations, let alone that the government knew or should have known that Yates was testifying falsely. Moreover, even if Yates did perjure himself, the District Court determined that the statements related to his drug dealing were not material to his testimony about the armed robbery. Therefore, it concluded that the defendants had failed to establish that there was a reasonable likelihood that the false testimony could have affected the verdict.

We agree with the District Court's conclusion that the statements in question were not material to Yates's testimony regarding the armed robbery. Furthermore, even if the statements had been material, the defendants had multiple opportunities to impugn Yates's credibility based on those statements, and did in fact do so. Yates was rigorously cross-examined as to his potential drug dealing and his plea agreement, and related evidence was presented to impeach his credibility. Defense counsel again raised the issue of Yates's credibility in their closing statement and the District Court specifically

---

[6] *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008).

instructed the jury that "[i]n evaluating Phillip Yates'[s] testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. You may give his testimony such weight as you think it deserves." Given the thoroughness with which the issue of Yates's allegedly false statements was presented to the jury, we cannot conclude there was any reasonable likelihood that these statements affected the verdict in this case. Thus, the District Court did not abuse its discretion in denying the defendants' motions for a new trial.

B.       Sufficiency Claims

Harmon additionally moves for acquittal on the basis of insufficient evidence and asserts the need for a heightened standard of sufficiency to avoid an unlawful conviction based upon the false testimony of a co-conspirator. With regard to the latter, Harmon argues that where there is a risk of a co-conspirator witness testifying falsely, the Government should be required to corroborate and demonstrate the trustworthiness of the co-conspirator in order for a guilty verdict to be found legally sufficient. This proposed standard ignores established Third Circuit precedent requiring no corroboration of a co-conspirator's testimony at trial, particularly where, as here, the defense "has ample opportunity to cross-examine the Government's witnesses."[7] Thus, we decline to adopt Harmon's proposed heightened sufficiency standard.

We are similarly unpersuaded by Harmon's motion for acquittal on the basis of insufficient evidence. In ruling on a motion for judgment of acquittal, the court must

_____

[7] *United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002).

6

"view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences."[8]  Courts must be "vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury."[9]  Thus, a finding of insufficiency "should be confined to cases where the prosecution's failure is clear."[10]

In the present case, the government offered the extensive testimony of Yates, which, in and of itself could have been sufficient to support a criminal conviction.[11]  Additionally, the government presented several eyewitnesses, whose testimony, albeit circumstantial, corroborated Yates's story and tended to disprove Harmon and Singletary's version of the events.  Based on the evidence presented, we hold that a reasonable jury could have found Harmon guilty on both the conspiracy and aiding and abetting charges.  Thus, the District Court acted properly in denying Harmon's motion for acquittal.

## III.

For the reasons stated above, we will affirm the judgments of the District Court.

---

[8] *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006) (internal quotation marks omitted).
[9] *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).
[10] *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (internal quotation marks omitted).
[11] *See Perez*, 280 F.3d at 344.