NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2255
_____

UNITED STATES OF AMERICA

v.

ROBERT E. MILLER, III,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:17-cr-00052-001)
District Judge: Honorable John E. Jones, III
_____

Argued February 12, 2019
Before: HARDIMAN, SCIRICA, COWEN, *Circuit Judges*.

(Filed: April 8, 2019)

Quin M. Sorenson   [Argued]
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
          *Attorney for Appellant*

Daryl F. Bloom
Stephen R. Cerutti, II   [Argued]
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
          *Attorneys for Appellee*

_____

OPISON[*]

_____

HARDIMAN, *Circuit Judge*.

Robert Miller appeals his judgment of conviction for receipt and possession of child pornography following a jury trial. Miller claims the evidence was insufficient to prove he possessed the *mens rea* for each crime. Although the Government lacked direct evidence that Miller knowingly received and possessed child pornography, there was ample circumstantial evidence to sustain the convictions. We will therefore affirm.

I[1]

Direct evidence is not required to prove *mens rea* beyond a reasonable doubt because "[k]nowledge is often proven by circumstances." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc). And the jury is "entitled to draw reasonable inferences" from circumstantial evidence. *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). Viewing all of the evidence in Miller's case in the light most favorable to the Government as the verdict winner, we conclude that the jury received

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

sufficient evidence to convict Miller of knowing receipt and possession of child pornography.

A

In *United States v. Miller*, 527 F.3d 54 (3d Cir. 2008), we identified five factors relevant to proving knowing receipt of digital child pornography. *Id.* at 67–69. In this appeal, a review of those five factors and the evidence as a whole strongly favors the Government's position.

First, the images were found on Miller's laptop, which itself was found in his bedroom closet. The laptop's login username and password were "uber1337," a password Miller used in other circumstances. Browser history information on the laptop showed Miller used it. He also used the apartment's internet service, which was used to download child pornography and triggered this investigation. And his roommates never saw the laptop out of Miller's presence, nor anyone in Miller's bedroom without him there.

Second, the number of images supports Miller's knowledge because over a hundred files identified as child pornography were found on his laptop. Although computer forensics could not establish their former location(s) on the laptop,[2] the number of images weighs in the prosecution's favor as well. *See United States v. Franz*, 772 F.3d 134, 156 (3d Cir. 2010).

---

[2] The files were found in unallocated space because they had been deleted.

The third factor—whether the images' content was evident from their file names—supports Miller because most of the files recovered from his laptop had file names that did not clearly indicate their contents, or had file names that could not be determined by computer forensics after having been deleted. At the same time, BitTorrent file fragments recovered from the laptop did have file names indicating they contained child pornography. Although these names could refer merely to the torrent itself (a digital package for delivering any number of files through peer-to-peer sharing), the names could also refer to the file(s) (now lost) that were contained therein. And many of these file fragment names referenced child pornography by including words like "preteen," "pthc" (preteen hardcore), "pedo," and "childlover," as well as young ages like "9yo" and "12–13 yo." So although the third factor favors Miller regarding the illicit files for which he was convicted, other file fragments' names recovered from the laptop suggest its user would have known of their likely illicit content, which favors the prosecution.

Fourth, two facts evidenced Miller's likely knowledge of and ability to access the illicit images: (1) the laptop's discovery in Miller's closet; and (2) the laptop's sole username and password, which Miller had used in other contexts. But because forensics could not determine exactly where the files were located on the hard drive, this factor weighs only slightly in the Government's favor.

Finally, the illicit images recovered from the laptop were downloaded on several dates from 2010 to 2013. This suggests the user knew he was accessing child pornography (*i.e.*, he did not inadvertently access it just once). Although many images

4

were downloaded on one date, and although many images and videos' dates could not be recovered because they had been deleted, this factor also weighs in the Government's favor. *Cf. Miller*, 527 F.3d at 69 (discussing downloads on four dates).

Beyond the factors just mentioned, additional evidence suggested that Miller knowingly received the illicit files. He admitted to using Tor, a program that facilitates anonymous communication and downloads online, including torrents like those already discussed. He also admitted to viewing animated pornographic games that other users had flagged as potential child pornography. And he failed to inform the searching agents of the laptop when asked about his computers; he identified only a desktop computer and tablet also found in his apartment. Viewed in the light most favorable to the Government, Miller's failure to disclose the laptop suggests consciousness of guilt. Forensics also discovered keyword searches had been typed on the laptop that involved terms and companies related to child pornography, suggesting its user sought out files using names suggestive of their content—as opposed to inadvertently receiving them. And agents found no other evidence of child pornography in the apartment despite seizing all electronics.

It is true that some evidence presented at trial supported Miller, and could have raised reasonable doubts about his knowledge of the illicit images. For example, Miller's roommates testified that a former roommate once accessed one of their computers and

5

downloaded adult pornographic images without permission as a joke.[3] But our task is not to reweigh the evidence, lest we usurp the jury's role. *United States v. Walker*, 657 F.3d 160, 171 (3d Cir. 2011). Instead, we must affirm if the evidence, taken as a whole, surpasses "the threshold of bare rationality." *Caraballo-Rodriguez*, 726 F.3d at 431 (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)). That mark is surpassed here, especially in light of prior cases in which we upheld convictions when fewer factors supported the verdict, and even when multiple factors weighed in the defendant's favor. *E.g.*, *Franz*, 772 F.3d at 155–56; *Miller*, 527 F.3d at 67.

Miller cites two cases he claims entitle him to acquittal (or a new trial) essentially because they seemed to require direct evidence when purely circumstantial evidence proved insufficient. Neither is availing.

---

[3] Miller's opening brief claimed these "roommates testified, further, that they had previously seen [the former roommate] in possession of and viewing child pornography on his own computer." Opening Br. 5. Neither roommates' testimony supports this accusation. Although one roommate testified that he saw the former roommate "looking at pornographic videos," App. 88, nothing in that testimony or the questioning eliciting it suggests children were involved. The Government's brief pointed this out.

Once challenged, Miller's reply brief attempted to salvage this accusation by citing defense counsel's closing statement at trial (also claiming that one roommate testified to seeing the former roommate watching child pornography) and his Rule 33 motion (simply labeling the former roommate "a known child pornographer" without citation). Reply Br. 5 n.4 (citing App. 113, 127). Those citations merely beg the question.

At oral argument, Miller's counsel suggested this footnote somehow clarified the original brief's misstatement. *See* Oral Argument at 8:32–48, available at https://www2.ca3.uscourts.gov/oralargument/audio/18-2255USAv.Miller.mp3. But the footnote *defends* the accusation that the former roommate "was known to have downloaded and viewed child pornography in the past." Reply Br. 5 n.4 (quoting Gov't Br. 22). In sum, on this record, neither Miller's trial counsel nor his appellate counsel had any basis to claim that one of Miller's roommates was seen watching child pornography.

6

First, Miller cites *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992), for the proposition that ownership of a thing is not alone sufficient to establish knowledge of its contents. *Iafelice* upheld a conviction for knowing possession of drugs in the trunk of a car the defendant owned. 978 F.2d at 93–94. Although we noted "[o]wnership and operation [] do not exist in a vacuum" and "must be considered in the context of surrounding circumstances," we also stated the defendant's ownership and operation of the vehicle was "[t]he truly distinguishing fact" and "highly relevant." *Id.* at 97. And we noted the owner and operator "usually knows what is in that vehicle." *Id.* Circumstantial evidence further supported finding sufficient evidence, but the defendant's ownership and operation of the car provided "[t]he crucial additional fact" permitting the jury to convict. *Id.* Similarly, Miller's jury also heard circumstantial evidence beyond his mere ownership and operation of the laptop from which they could infer his knowing receipt. That evidence accords with our holding in *Iafelice*.

Next, Miller cites *United States v. Moreland*, 665 F.3d 137 (5th Cir. 2011), for the proposition that the Government had to "directly" link Miller to the downloads, demonstrate he knew of the files, or establish his exclusive control of the computer. Rather than require direct evidence, though, *Moreland* merely found the circumstantial evidence insufficient because the Government relied solely on three individuals' *joint* ownership and use of two computers containing illicit images. *See* 665 F.3d at 150. Without more, the joint ownership evidence was insufficient, but either circumstantial or direct evidence could have filled that void. *See id.* Miller's computer was not jointly

7

owned or used outside his presence according to the testimony at trial, and its single user profile connected only to Miller distinguishes this case from *Moreland* further still.

In sum, four out of the five factors relevant for identifying sufficient evidence of knowing receipt of digital child pornography support the jury's verdict. The fifth is indecisive. And other relevant evidence also favors affirmance. There was sufficient evidence to convict Miller on this count.

B

Miller also argues for reversal of his possession conviction because the Government presented insufficient evidence that he *knowingly* possessed the files discovered on his laptop. Once again, circumstantial evidence and our precedents show Miller cannot meet his "extremely high" burden to overturn his possession conviction based on insufficient evidence. *United States v. Pavulak*, 700 F.3d 651, 669 (3d Cir. 2012) (quoting *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009)).

"Simply put, [Miller] was the laptop's likeliest user." *Id.* Like in *Pavulak*, Miller's laptop had just one, password-protected user account. Miller was connected to that password and username in other contexts. And Miller used that sole password-protected account. Also like in *Pavulak*, police recovered the laptop from where Miller was living: his room in the apartment, which his roommates testified they never saw anyone else enter outside Miller's presence. Although computer forensics could not determine many details about the illicit files' location(s) or organization on the hard drive because they

8

had been deleted, he was still "also the likeliest person to have accessed the child-pornography images on the laptop" based on the substantial evidence discussed above. *Id.*

Additionally, we note that knowing receipt "must be supported by a greater quantum of evidence than that minimally required to prove guilt of possessing child pornography." *Miller*, 527 F.3d at 62. So our analysis of Miller's receipt conviction also supports our conclusion that Miller cannot show "no reasonable juror could accept the evidence as sufficient" for knowing possession. *Id.* at 69 (quoting *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006)).[4]

\* \* \*

For the reasons stated, we will affirm Miller's judgment of conviction and sentence.

---

[4] Miller also contends the District Court erred by denying his Rule 33 motion for a new trial because the evidence was insufficient. Because Miller cannot prevail on de novo review of his acquittal motion for the reasons discussed above, we find no abuse of discretion in the Court denying his new trial motion on the same grounds. *Cf. Franz*, 772 F.3d at 154, 158 (affirming a receipt conviction appealed for insufficient evidence on both judgment of acquittal and new trial motions when our de novo review of the Rule 29 motion merited affirmance).