CHARLES KUNEY v. DAVID DUTCHER, LYMAN DUTCHER AND CHARLES DUTCHER.

*Assault—Evidence—Quarrelsome disposition—Experts.*

1. A man who was injured in a rough-and-tumble fight on Sunday sued his assailant. *Held*, that there was no error in ruling out a question, asked him on cross-examination, as to whether he and others were pitching quoits at his place that afternoon; and subsequent testimony of threats and boasts by him on that occasion did not make the previous ruling wrong.

2. The testimony of unskilled persons as to the permanent nature of physical injuries, not recent, is not necessarily inadmissible; such facts are not exclusively for experts; the observation of others may be taken for what it is worth.

3. Where a co-defendant in an action of damages for an assault had pleaded guilty on the appeal of criminal proceedings from before a justice, there was no harm done in asking him on cross-examination whether he was convicted before the justice.

4. Testimony that a person is quarrelsome is inadmissible for the purpose of showing that he probably began a rumpus in which he was hurt; it may be given, perhaps, for the purpose of showing that one who knew it, feared an assault from him.

5. Defendant in case for assault offered to show how he was dressed but the testimony was ruled out. *Held*, that the question was proper enough, but the ruling was not error so long as the record did not show that it was important.

6. The intent of a person present at an assault as to complicity therein is not determined by his failing to express disapproval or opposition.

7. A charge to a jury must be construed altogether.

Error to Lenawee. (Howell, J.) Jan. 30.—April 9.

TRESPASS. Defendants bring error. Affirmed.

*B. F. Graves* for appellants. Opinions are inadmissible unless the witness is an expert: *Greeley v. Stilson* 27 Mich. 153; *Stone v. Covell* 29 Mich. 359; *Tower v. D. L. & L. M. R. R.* 34 Mich. 337; *Clark v. Field* 42 Mich. 342; *Dyer v. Rosenthal* 45 Mich. 588.

*Salsbury & O'Mealy* and *W. A. Underwood* for appellee.

CAMPBELL, J.   On June 20, 1880, plaintiff was badly injured in a fight between him and Lyman Dutcher, in which he claims the latter was the aggressor.   Charles Dutcher is claimed to have intervened while the parties were struggling on the ground, and kicked and otherwise injured plaintiff. David Dutcher, father of the other defendants, is charged with urging on his sons to kill or hurt plaintiff.   This suit is brought against all jointly, and the jury found them all guilty and gave $1000 damages against them.   They bring error.

The plaintiff's father and David and Charles Dutcher lived near each other on the same east and west road in Dover township, Lenawee county ;  David and Charles Dutcher both having houses west of Mr. Kuney.   On Sunday, June 20, 1880, towards evening, plaintiff went along the highway, westward beyond Charles Dutcher's house, as he says, expecting to meet a brother whom he supposed to be coming homeward that evening from some distance.   Coming back without meeting him, plaintiff, on nearing or passing Charles Dutcher's house, was barked at by a dog in the road, near or accompanying Lyman Dutcher, who came out of his brother's premises and went towards his father's.   Plaintiff picked up a couple of stones, and complained to Lyman of the annoyance of the dog.   Upon the precise order of some of the events there is a conflict of testimony.   Plaintiff swore that in answer to his remonstrance Lyman intimated that the dog only barked at tramps.   This led to some exchange of epithets, and Lyman, who had taken a pail of water which he had brought from his brother's into his father's yard, came out and attacked plaintiff, who struck back and clenched him and threw him down.   While they were scuffling in the ditch, plaintiff claims that Charles came along and kicked him severely in the head and side, and otherwise maltreated him, and the father urged them to kill him.   Defendants, on the other hand, insisted that plaintiff came down disposed to pick a quarrel, and was using insulting language in front of David Dutcher's, in hearing of his daughter, and that Lyman, in ordering him off, was drawn into a fight, in which plaintiff

was the assailant, and that neither of the other defendants interfered.

The suit was finally tried in December, 1883, three years and a half after the occurrence, and plaintiff's proofs showed that up to that time he had continued to suffer from the injury to his side, and in general health. There was a controversy concerning this subject also.

Although thirty-five assignments of error appear in the record, they are reduced to a few questions, and were so considered on the argument.

Plaintiff, on cross-examination, was asked what he and some other persons were doing at his home on that afternoon, and whether they were pitching quoits. No reason was offered for the inquiry, and there was nothing in the case which seemed to make it pertinent, and we can see no error in ruling it out. Subsequently, testimony was admitted of threats or boasts made at this time, and the jury had this before them. But as the case stood when this ruling was made, the inquiries appeared entirely irrelevant.

A number of errors assigned relate to inquiries made of the parents and brother-in-law of plaintiff concerning the permanent character of the injuries. The objection now made is that the inquiry involved medical science. The court afterwards directed the jury to discard the opinions of the parents. There was medical testimony covering the same ground, which is not objected to. The family witnesses had given a full account of the physical condition of plaintiff before the injury, and of his sufferings then and since, and of the continued infirmities, without apparent improvement. All this was clearly admissible and important. Having continued, if they were believed, for more than three years, without substantial relief or improvement, we think it was not improper to take their impressions for what they were worth. If the injury had been very recent, the question whether it was likely to bring about permanent mischief might have been so uncertain as to require something more than the observation of an unlearned witness to determine. But it would be going too far to hold that such probabilities

are always beyond the range of common knowledge. There are so many wounds and diseases, the appearance and results of which are familiar to most intelligent persons, that a rule of absolute exclusion cannot be universal. It can hardly be argued that a jury should be forbidden to draw such inferences from long-continued consequences of injuries; and while none but physicians and surgeons could declare most injuries incurable, common experience may, without trenching on science, venture a rational conjecture from intelligible and continuous sufferings. Medical aid is not always at hand, and many serious cases must do without it. If none but skilled witnesses can be heard in these cases, the remedy for assaults or other criminal mischiefs must often utterly fail. There is no great danger that such testimony will not be adequately measured under the criticism of courts and counsel, and the test of cross-examination. In the present case, the long period between the assault and the trial, and the full narrative of the condition of plaintiff, rendered it entirely proper to allow the witnesses to give their impressions, which were carefully qualified and fully explained. They gave no theoretical answers, but detailed the facts.

The errors assigned upon receiving contemporaneous and immediately subsequent statements of the plaintiff are not well founded, when compared with the facts. They were so clearly parts of the res gestæ, or else statements of pain and physical suffering, as to be clearly within all the rules applicable to such matters. Some of the matters complained of were so immaterial that their reception would not have been prejudicial if otherwise doubtful.

As it appeared that on appeal in the circuit court from the criminal proceedings before a justice and jury, defendant Lyman pleaded guilty, there could be no harm done by allowing him to be asked on cross-examination whether he was convicted before the justice. Charles was asked a similar question, but as his answer is not given, we can make no presumptions on the subject.

Testimony was offered and rejected to prove that plaintiff was quarrelsome. There are, no doubt, cases where such

testimony may be valuable in determining the probabilities of knowledge of such a disposition giving apprehension to a person assailed or fearing an assault. But there was no such question involved in this issue, and the testimony was not offered for that purpose. It was offered only to show that plaintiff probably began the attack. It certainly could not prove that.

Some question is made whether there was not error in excluding Lyman Dutcher from showing how he was dressed. Such a question was proper enough, but there is nothing in the record showing it was at all important.

The defendants submitted a series of elementary propositions among some others, and complain that the court did not sufficiently call the attention of the jury to the necessity of proving plaintiff's case fully, and to the effect of his own misconduct, if found, upon his right of recovery. We have examined the charge carefully, and do not discover any omission to lay before the jury all that was essential to a fair decision of all the merits of the case. And the amount of damages recovered was, under all the circumstances, by no means excessive, if the plaintiff's witnesses were believed. In our opinion the circuit judge covered very fairly all the requests, so far as they presented any tangible and proper question.

Complaint, however, is chiefly made against the charge as actually given, as misleading, in authorizing the jury to infer liability from acts not sufficient to justify it.

The first clause complained of is to the effect that if Lyman began the affray in the manner described by plaintiff, and the others were present and "aided, abetted, or encouraged the assault and battery," they were liable also. This certainly is elementary law and beyond criticism. But it is said to have been followed by a subsequent instruction which made it erroneous as interpreted by the court. The subsequent passage singled out from the charge is as follows:

"Now, it has been held in still stronger terms that any person who is present at the commission of an assault and battery, and encourages and incites it by words, gesture, looks,

or signs, or in any way, or by any means, is in the law assumed to be an aider and abettor, and is liable as a principal. The fact that a person is present at the commission of an assault and battery, or within such reasonable distance as to know what is going on, without disapproving or opposing it, is evidence upon which, in connection with other circumstances proved, it is competent for the jury to infer whether or not he thereby aided and abetted the same."

Defendants claim that this language practically made presence, without disapproval, sufficient proof of guilt. We do not think the language is open to that construction. The whole must be taken together, and does not, either alone or in connection with other parts of the charge, countenance any idea that actual complicity need not appear. It is the other circumstances proved which must determine the intent, and not merely the absence of disapproval or opposition.

This case was one where there was an absolute contradiction upon the material facts. If defendant's testimony was true, no possible foundation could be discovered for holding any one but Lyman. If plaintiff told the truth, Charles inflicted the worst injuries, and David was active in urging his sons to extremes. There was very little room for nice distinctions or speculations, and it is questionable whether any serious trouble could have been caused by language much more ambiguous than any which the judge used. But taking his instruction together, it is not ambiguous, and is not open to complaint.

The judgment should be affirmed.

The other Justices concurred.