NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3670
_____

UNITED STATES OF AMERICA

v.

ROHAN PROVIDENCE,

Appellant.

Appeal from the United States District Court
for the Virgin Islands
Division of St. Croix
(Crim. No. 1-07-CR-00051-001)
District Judge: Hon. Anne E. Thompson

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2009

Before: McKEE, FUENTES, and NYGAARD *Circuit Judges*.


OPINION

McKEE, *Circuit Judge*.

Appellant Rohan Providence appeals the district court's order denying his motion

for judgment of acquittal and argues acquittal was warranted because the government

failed to prove the elements of the offenses charged beyond a reasonable doubt. For the

following reasons, we will affirm.

1

## I. FACTS AND PROCEDURAL POSTURE

We write primarily for the parties and therefore need not set forth the factual or procedural history in extensive detail. In July 2007, the High Intensity Drug Trafficking Area ("HIDTA") Office of St. Croix received a tip that marijuana was being cultivated in an abandoned structure in a secluded area surrounded by overgrown vegetation. *See* Joint Appendix, *United States v. Rohan Providence*, No. 08-3670 at 19-21 (filed April 1, 2009) ("J.A."). Officer Christopher Howell and other HIDTA agents investigated, discovered marijuana plants growing in cups and trays in the abandoned structure, and set up covert surveillance equipment to record any illicit activity. J.A. 21-31; 40-42. Thereafter, two individuals were recorded watering and brushing excess dirt from the marijuana plants over an eleven day period. J.A. 41-42, 52-53, 80-81, 119-46; *see also* Government's Exs. 11B and 11C ("11B and 11C").

The task force also stopped a vehicle that had been parked outside the secluded cultivation site and identified Providence as the passenger. His co-defendant, Surash Rampersad, was the driver. J.A. 210-11, 214-17, 231-36. Later that day, the officer who pulled over the car watched the surveillance footage from the cultivation site and identified Providence and Rampersad as the two individuals "messing with some plants," which were later proven to be marijuana. *See* Exs. 11B and 11C; J.A. 80-81, 239-40.

In November 2007, a jury convicted Providence and Rampersad of "aiding and abetting one another" in the: (1) possession with intent to distribute in excess of one

hundred marijuana plants ("Count I"); (2) manufacturing in excess of one hundred marijuana plants ("Count II"); and (3) use of a premises to manufacture marijuana ("Count III"). J.A. 1-5. The jury affirmatively answered two interrogatories specifically finding beyond a reasonable doubt that the quantity of marijuana involved in Counts I and II was in excess of one hundred plants. J.A. 12-14.

Providence subsequently moved for a judgment of acquittal, arguing that the evidence only established his "mere presence," and was insufficient to establish his participation in the offenses. J.A. 272-73. He also argued that the government failed to prove beyond a reasonable doubt that his conduct involved over one hundred marijuana plants. J.A. 273-76. The trial court denied Providence's motion and imposed sentence. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

Our jurisdiction over this appeal arises under 28 U.S.C. § 1291. We review *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009) (internal citation omitted). In deciding whether the evidence was sufficient to sustain the conviction, we "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal citation and quotation marks omitted). A claim of insufficient evidence places "a very heavy burden" on an appellant. *United States v.*

3

*Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

### III.   ANALYSIS

Providence argues that the government did not provide sufficient evidence that he aided and abetted the three Counts charged, and that the quantity of marijuana possessed is an element of the offenses that must be, and was not, established beyond a reasonable doubt.

### A.   Sufficiency of the Evidence for Aiding and Abetting Liability

Providence first challenges the sufficiency of the evidence for aiding and abetting all three Counts of the indictment.[1]  One who aids and abets the possession, manufacture, or distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) is liable as a principal.  *See* 18 U.S.C. § 2.  To establish aiding and abetting, the government must prove "the defendant associated himself with the criminal venture . . . participated in it as something he wished to bring about, and . . . sought by his words or action to make it succeed."  *United States v. Xavier*, 2 F.3d 1281, 1288 (3d Cir. 1993); *United States v.*

---

[1] The elements of the underlying offenses are as follows.  Count I of the indictment, possession with intent to distribute, requires that the government prove: "(1) knowing or intentional[;] (2) possession[;] (3) with intent to distribute[;] (4) a controlled substance."  *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006).

Count II of the indictment, manufacturing one hundred or more marijuana plants, requires that the government prove that Providence knowingly or intentionally manufactured marijuana and knew that marijuana was a controlled substance.  *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii).

Count III of the indictment, maintaining a drug-involved premises, requires that the government prove that Providence "knowingly . . . use[d] . . . [a] place. . . temporarily . . .  for the purpose of . . . manufacturing [a] controlled substance."  21 U.S.C. § 856(a)(1).

4

*Carbo*, 572 F.3d 112, 118 (3d Cir. 2009) (internal citations omitted) ("the government must prove the defendant . . . knew of the commission of the substantive offense and acted with the intent to facilitate it.").

"Mere knowledge of the underlying offense is not sufficient for conviction" as an aider and abetter; rather, "specific intent of facilitating the crime" is required. *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002). To prove the requisite intent, the government can show the defendant "encouraged or helped the perpetrator." *Xavier*, 2 F.3d at 1288 (citing *Gov't of Virgin Islands v. Navarro*, 513 F.2d 11 (3d Cir. 1975), *cert. denied*, 422 U.S. 1045 (1975)).

Similarly, "[m]ere presence at the scene of a crime . . . does not alone make one an 'aider or abetter.'" *United States v. Dixon*, 658 F.2d 181, 189 (3d Cir. 1981) (internal citations omitted). Instead, "the jury must be convinced beyond a reasonable doubt that [the] defendant [did] something to forward the crime and . . . was a participant rather than merely a knowing spectator." *Id.* Sufficiency of the evidence to prove "participation" for aiding and abetting rests upon a case-specific inquiry. We have indicated that in certain circumstances even "verbal encouragement of an assault" or remaining with a group after its members disclose their intention to commit a crime is enough to establish participation. *See United States v. Barber*, 429 F.2d 1394, 1397 n.4 (3d Cir. 1970) (citing *Kuney v. Dutcher*, 22 N.W. 866, 867 (Mich. 1885); *People v. Hill*, 233 N.E. 2d 367, 373 (Ill. 1968)).

5

There was clearly enough evidence to allow a reasonable jury to find Providence guilty beyond a reasonable doubt of aiding and abetting Counts I - III of this indictment. First, the government established that the underlying crimes—possession with intent to distribute, and manufacturing, one hundred or more marijuana plants, and use of a drug-involved premises—were committed by either Providence or his co-Defendant Rampersad. The government proved the "possession" and "controlled substance" prongs of possession with intent to distribute when its forensic chemist provided expert testimony that the plants Officer Howell recovered were marijuana. *See* J.A. 193. Howell's testimony was also sufficient to establish an "intent to distribute" because of the large number of plants he recovered. J.A. 80-81. Finally, the government established "knowing or intentional" possession through surveillance videos showing that Providence and Rampersad returned to the plants and helped water them. *See* J.A. 212-13; 11B and 11C. As Howell testified, there "was no real reason . . . to be out there" other than marijuana cultivation, because "nothing was there." J.A. 214. Moreover, the hidden and abandoned location constituted evidence that the co-Defendants "attempted to hide . . . the contraband," evidence from which a jury could find constructive possession.[2] *See United States v. Jenkins*, 90 F.3d 814, 818 (3d Cir. 1996).

This evidence was also sufficient to show that Providence aided and abetted the commission of the underlying crimes. The evidence discussed above establishes both that

---

[2] As the government met its burden of proof as to the commission of Count I, the evidence was also sufficient for the lesser burdens needed to establish that Counts II and III were committed.

Providence had the requisite intent and that he "participated in [the underlying offenses] as something he wished to bring about, and . . . sought by his words or action to make it succeed." *See Xavier*, 2 F.3d at 1288. Again, Officer Lynch identified Providence and Rampersad as the two individuals in the car he pulled over on April 9, 2010, and testified that he "saw both defendants messing with some plants" on surveillance videos 11B and 11C. J.A. 239-40. In these videos, Providence watered the plants, repotted them, and brushed excess dirt from their roots. *See* 11B and 11C; *see also* J.A. 70-71, 82, 84-90, 139. Any suggestion that this evidence was not sufficient to support the conviction therefore borders on frivolity.

**B.    Sufficiency of the Evidence as to Amount of Drugs in Counts I and II**

Providence's attempt to argue that he is entitled to relief because quantity is an element of the offense that wasn't proven beyond a reasonable doubt is equally without merit. Although the quantity of a controlled substance can increase penalties and must therefore be established beyond a reasonable doubt, *see United States v. Lacy*, 446 F.3d 448 (3d Cir. 2006), Providence's claim for relief ignores the fact that the jury interrogatories established that the jury was convinced of the drug quantity beyond a reasonable doubt.

Furthermore, the jury's finding was clearly supported by the evidence. Agent Howell testified that he recovered over two hundred marijuana plants from the cultivation site. J.A. 79. He testified that to be counted as an official plant, the marijuana must have

7

an intact root structure, stem, and leaf. *See* J.A. 106. Scott Goodlin, a forensic chemist, echoed Agent Howell's testimony as to the elements required to count a plant for forensic purposes. J.A. 197. He stated that his lab received packages on July 26, 2007 containing the plants Agent Howell seized, but that he did not open or count them until August 6, 2007, because of a "backlog." J.A. 193-94. Upon analyzing them, Goodlin counted only sixty-four marijuana plants, and the rest were merely fragments with some stems or leaves, but no intact root structure. J.A. 197. Goodlin explained, however, that the number of countable plants likely decreased significantly during the two weeks between receipt and analysis, because it was not uncommon for plants deprived of water and nutrients to dry out and break into fragments—losing elements required to be counted as a plant for forensic purposes. J.A. 201-03.

Viewing this evidence in conjunction with the other testimony, photos, and DVD surveillance of the cultivation site, a reasonable jury could have found beyond a reasonable doubt that Providence possessed with intent to distribute, and manufactured, one hundred or more marijuana plants in violation of § 841(b)(1)(B)(vii).

## V.   CONCLUSION

For the foregoing reasons, we will affirm the district court's order denying Providence's motion for judgment of acquittal.