NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3671
_____

UNITED STATES OF AMERICA,

v.

SURASH RAMPERSAD,

Appellant.

Appeal from the United States District Court
for the Virgin Islands
Division of St. Croix
(Crim. No. 1-07-CR-00051-002)
Visiting District Judge: Hon. Anne E. Thompson

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2009

Before: McKEE, Chief Judge,
FUENTES, and NYGAARD, Circuit Judges

(Opinion Filed: May 19, 2010)

OPINION

McKEE, Chief Judge.

　　Appellant Surash Rampersad appeals the district court's order denying his motion

for judgment of acquittal. For the reasons that follow, we reject each of his arguments,

and we will affirm.

1

## I.

We write primarily for the parties and therefore need not set forth the factual or procedural history in detail.  Furthermore, we briefly discussed the evidence underlying Rampersad's conviction when we rejected similar arguments made by his codefendant in his appeal.  *See United States v. Rohan Providence*, Appeal No. 08-3670 (3d Cir. 2010) (non-precedential opinion).  During the joint trial, the district court allowed Officer Howell to give his lay opinion regarding the number of marijuana plants seized from the defendants' premises, as well as testimony about what constitutes a "plant."  J.A. 152-53.  The government's expert, forensic chemist Scott Goodlin, also testified about plant quantity and what constitutes a "plant" for forensic purposes.  *See* J.A. 243-45.  Rampersad received pretrial notice of Goodlin's expert testimony, but not of Officer Howell's lay testimony.

Rampersad now argues that the district court abused its discretion in allowing Officer Howell to testify about plant quantity.  He also contends that Officer Howell's testimony violated Federal Rule of Criminal Procedure 16(a)(1)(G) because he did not receive notice.  Finally, like his codefendant before him, he argues that the evidence was insufficient to establish guilt beyond a reasonable doubt.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We usually review a district court's evidentiary rulings for abuse of discretion and the underlying legal conclusions *de*

2

*novo. See United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000).  However,

where a defendant has failed to preserve an objection for appeal, we review only for plain

error.  *See United States v. Mitchell*, 365 F.3d 215, 257 (3d Cir. 2004).  Under this

standard of review, we can correct an error only if it "affect[s] substantial rights."  *United*

*States v. Olano*, 507 U.S. 725, 732 (1993) (internal citations and quotation marks

omitted).  An error "affects substantial rights" if it "affect[s] the outcome of the district

court proceedings," *id.* at 734; otherwise, it is "harmless" and should "be disregarded,"

FED. R. CRIM. P. 52(b).

In reviewing challenges to the sufficiency of the evidence, we review all of the

evidence on the record "in the light most favorable to the prosecution to determine

whether any rational trier of fact could have found proof of guilt[] beyond a reasonable

doubt based on the available evidence."  *United States v. Brodie*, 403 F.3d 123, 133 (3d

Cir. 2005) (internal citations and quotation marks omitted).  Insufficient evidence claims

place "a very heavy burden" on an appellant.  *United States v. Gonzalez*, 918 F.2d 1129,

1132 (3d Cir. 1990) (internal citations and quotation marks omitted).

### III.

### A.

Rampersad did not object to the absence of notice regarding Officer Howell's

testimony under Rule 16(a)(1)(G), and he must therefore now establish plain error.[1]

---

[1] Rule 16(a)(1)(G) states that "[a]t the defendant's request, the government must give to the
defendant a written summary of any [expert] testimony that [it] . . . intends to use . . . during its

Under plain error review, we may afford relief only if an error affects substantial rights. Even if we assume *arguendo* that the court erred in admitting Officer Howell's testimony, we would have to conclude that it did not affect Rampersad's substantial rights. Rampersad concedes that he did receive notice of Goodlin's proposed expert testimony that a seedling constitutes a plant so long as the seedling has an intact root structure. He cannot, therefore, demonstrate prejudice from Officer Howell's nearly identical testimony.

Moreover, Officer Howell's lay opinion was admissible under Federal Rule of Evidence 701 based on his perception, personal knowledge, and experience. Officer Howell did not, therefore, have to be treated as a scientific expert. *Compare* FED. R. EVID. 701 *with* FED. R. EVID. 702.[2] Given an adequate foundation, a lay person can offer an opinion about what constitutes a marijuana plant. *See, e.g.*, *United States v. Eves*, 932 F.2d 856, 859-60 (10th Cir. 1991).

The district court admitted Officer Howell's testimony regarding plant quantity as lay opinion based upon that witness's everyday knowledge and experience. Doing so was proper given the evidentiary foundation. Therefore, no notice was necessary under Rule

---

case-in-chief at trial." FED. R. CRIM. P. 16(a)(1)(G).

[2] The "modern trend," recognizing a "liberalization of Rule 701," favors the admission of opinion testimony when based on "personal knowledge and susceptible to cross-examination." *United States v. Paiva*, 892 F.2d 148, 157 (1st Cir. 1989) (citations omitted); *Teen-Ed, Inc. v. Kimball Intern, Inc.*, 620 F.2d 399, 403-04 (3d Cir. 1980). The mere ability to qualify as an expert should not disqualify a witness from providing lay opinion based on her/his personal knowledge and perception. *See Teen-Ed*, 620 F.2d at 403-04.

16(a)(1)(G).

**B.**

Rampersad also argues that there was insufficient evidence that he aided and abetted the three underlying crimes, and that Counts I and II involved in excess of one hundred marijuana plants. Although we are not bound by our nonprecedential opinion in his codefendant's appeal, we find that Rampersad's challenge to the sufficiency of the evidence is no less frivolous than his codefendant's challenge was, and we reject it for the same reasons we set forth there. *See United States v. Rohan Providence*, Appeal No. 08-3670 (3d Cir. 2010) (non-precedential opinion). Rampersad and Providence were recorded brushing excess dirt from, watering, and otherwise "messing with" marijuana plants over eleven days. He cannot now distance himself from his gardening chores by arguing "mere presence."

**IV.**

For the foregoing reasons, we will affirm the district court's order denying Rampersad's motion for judgment of acquittal.

5